[Crim. No. 3577.   Second Dist., Div. Two.   July 7, 1942.]

THE PEOPLE, Respondent, v. JESSE WILFORD GRANT,
Appellant.

Edward C. Purpus and Lorrin Andrews for Appellant.

Earl Warren, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

WOOD, (W. J.), J.—Defendant has appealed from a judgment of conviction of the crime of violation of section 288 of the Penal Code.

Defendant's main contention is that the testimony of the prosecutrix, Mary, is inherently improbable and for this reason the evidence is insufficient to support the conviction. The prosecutrix at the time of the offense was eleven years of age. She clearly related acts of defendant which unquestionably were sufficient to establish guilt of the crime charged but defendant argues that the circumstances surrounding these acts demonstrate that her story is unbelievable. On the evening of March 31, 1941, defendant and his wife were dinner guests at the home of Mary and her mother. Mary's aunt was also present. After dinner as the three women were in the kitchen washing dishes Mary and defendant went into the living room. Mary then said she was going into her bedroom to listen to the Lone Ranger on the radio. Defendant went with her and Mary got into bed while appellant sat on a chair beside the bed. At this time defendant committed the indecent acts which form the basis of the charge against him. During this time defendant's wife came from the kitchen into the bedroom, asked defendant for a cigarette and returned to the kitchen. In arguing that Mary's story is unbelievable defendant refers to the close proximity of his wife and Mary's mother at the time of the acts in question and to the fact that the door of the bedroom was open; also to Mary's testifying that she and defendant on later occasions engaged in similar acts but did not mention them to her mother until she learned that defendant had been spreading untrue stories about her mother and her friends.

The credibility of the prosecutrix's story was for the determination of the jury and this court may not disturb the verdict if the jury could reasonably draw the conclusion from the evidence that defendant committed the acts charged. To stamp the story of the prosecutrix as inherently improbable we must conclude that it was so unbelievable as to amount to no evidence at all. (*People* v. *Fremont,* 47 Cal. App. (2d) 341 [117 P. (2d) 891].) We find nothing in the testimony of the prosecutrix or in the circumstances surrounding the commission of the offense which would warrant our branding the testimony inherently improbable.

Defendant also contends that the trial court erred in not granting his motion for a mistrial because of an incident

which occurred in the presence of the jury. While Mary was giving her testimony and was being cross-examined she burst into tears, whereupon her aunt went to the witness stand and put her arms around the witness. The judge then said to the aunt: ''I wish you would go back and sit down and let me handle this trial.'' At the conclusion of the introduction of the evidence when counsel for defendant moved for a mistrial because of this incident the judge stated: ''The motion for a mistrial is denied. The record at that time was this, that that little girl was sobbing and crying on the witness stand. Human nature is the same inside a court room as it is outside a court room, and the aunt merely came up and put her arms around the little girl while the girl was sobbing and crying, and it is true the court did order her to leave the witness stand, and made the remark, 'Let the court or let us handle this situation.' I can't see any prejudice in the record by that occurrence at all. The aunt had been sitting in the court room. That is all I have to say.''

A motion for a mistrial is addressed to the sound discretion of the trial court. It may properly be refused where the court is satisfied that no injustice has resulted or will result from the occurrences of which complaint is made. (23 C. J. S. Criminal Law, § 961.) We see no abuse of discretion in the action of the court in denying the motion.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied July 16, 1942.